**In re James F. JACKSON, Debtor.**

**MBNA Consumer Services, Inc., Plaintiff,**

**v.**

**James F. Jackson, Defendant.**

**Bankruptcy No. 98–12409 B.**
**Adversary No. 98–1200 B.**

United States Bankruptcy Court, W.D. New York.

Aug. 30, 2000.

Goldstein, Bulan & Chiari, Phillip A. Milch, of counsel, Buffalo, NY, for plaintiff.

James Jackson, Elizabethtown, NY, pro se.

CARL L. BUCKI, Bankruptcy Judge.

■ MBNA Consumer Services, Inc., commenced this adversary proceeding un-

der 11 U.S.C. § 523(a)(2)(A), to determine the dischargeability of an obligation arising from the use of a credit card issued to James Jackson, the debtor in this chapter 7 proceeding. After a trial of the disputed facts, the court found that Mr. Jackson had committed actual fraud when he made false representations to the plaintiff about his financial condition. Specifically, Mr. Jackson represented that he enjoyed an annual income of $160,000, when in fact his income approximated $55,000. The evidence at trial showed that Jackson intentionally made this representation, that he knew this representation to be false, that he intended to deceive the plaintiff, that the plaintiff relied upon the representation of income, and that Jackson's misrepresentation caused financial loss to the plaintiff. Nonetheless, the court reserved decision, to consider whether Jackson's conduct was the type of actual fraud that would cause the plaintiff's claim to be non-dischargeable.

■ The relevant provisions of section 523(a) of the Bankruptcy Code read as follows:

A discharge under section 727 ... of this title does not discharge an individual debtor from any debt .... (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by—(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition; (B) use of a statement in writing— (i) that is materially false; (ii) respecting the debtor's or an insider's financial condition; (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and (iv) that the debtor caused to be made or published with intent to deceive; ....

To provide a basis for nondischargeability under subdivision 2(A), the actual fraud must involve some representation "other than a statement respecting the debtor's or an insider's financial condition." Such statements are grounds for nondischargeability only under subdivision 2(B), which applies to "use of a statement in writing." In essence, if a creditor wants the bankruptcy code's protections with respect to a fraudulent statement about the debtor's financial condition, that creditor must get the statement in writing.

Inherently, income is a critical aspect of a debtor's financial condition. Thus, this court is satisfied that Jackson's representations were statements "respecting the debtor's or an insider's financial condition." Accordingly, Jackson's fraud is not actionable under subdivision 2(A) of section 523(a). However, because these statements were oral and not in writing, the plaintiff possesses no cause of action under subdivision 2(B) of this section. For these reasons, judgment is to be rendered for the defendant.

So ordered.